■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX CRUZ, Appellant. [616 NYS2d 202] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered March 14, 1991, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was not sufficient to prove his guilt because the eyewitness' description was not completely accurate is unpreserved for appellate review, as it was not raised at the trial *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, the contention is without merit. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support his conviction beyond a reasonable doubt. The witness testified that he saw the defendant facing the victim, he saw a flash, and the victim fell down. The victim was later found dead with a gunshot wound to the face. In addition, the witness testified that the defendant chased the witness with a gun and shot the gun. The defendant also raises an issue as to the credibility of the People's witnesses. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and

find them to be either without merit or unpreserved for appellate review. Mangano, P. J., Bracken, Joy and Hart, JJ., concur.